UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:17-CV-21984-GAYLES/OTAZO-REYES

LOURDES VALDES, and all others similarly
situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

MATRIX HOME CARE, LLC,
PRENILLE OSTBERG,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT UNDER 29 U.S.C. 201-216 OVERTIME WAGE VIOLATIONS

Defendants, Matrix Home Care, LLC ("Matrix") and Prenille [sic][1] Ostberg ("Ostberg") (collectively, the "Defendants"), by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint and state as follows:

1. Defendants admit this appears to be such an action but deny Plaintiff is entitled to any of the relief sought in her Complaint.

2. Defendants admit the allegation contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in the first sentence of the Complaint. All other allegations of paragraph 3, including those in the second sentence, are denied.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegation contained in paragraph 5 of the Complaint for venue purposes only. Any remaining allegations of paragraph 5 are denied.

---

[1] Defendant's name is misspelled in Plaintiff's Complaint. The correct spelling of Defendant's name is Pernille Ostberg.

42144410;3

## **COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

6. Defendants admit this appears to be such an action. Defendant is without knowledge as to what Plaintiff believes and therefore denies all remaining allegations of paragraph 6.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint for jurisdictional purposes only. Any remaining allegations are denied.

8. Defendants admit the allegation contained in paragraph 8 of the Complaint and state that the language of the FLSA speaks for itself.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegation of the first sentence of paragraph 10 of the Complaint. Defendants deny all remaining allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegation contained in paragraph 11 of the Complaint.

12. Defendants admit the allegation contained in paragraph 12 of the Complaint.

13. Defendants admit the allegation contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint

15. Defendants deny the allegation contained in paragraph 15 of the Complaint.

16. Defendants admit the allegation contained in paragraph 16 of the Complaint and state the language of the FLSA speaks for itself.

17. Defendants deny the allegation contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

Defendants deny Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" clause of the Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation and every inference contained within the Complaint that is not expressly admitted above.

## AFFIRMATIVE DEFENSES

Without admitting liability or the burden of proof as to Plaintiff's allegations, Defendants state their affirmative defenses as follows:

### First Affirmative Defense

Defendants deny they are liable to Plaintiff for the relief she seeks in her Complaint because at all relevant times, Plaintiff acted as an independent contractor rather than an employee of Defendants and thus was not subject to the overtime requirements of the FLSA.

### Second Affirmative Defense

Plaintiff's claims for liquidated damages are barred because Defendants did not willfully or recklessly violate the FLSA, and, in fact, acted in good faith regarding efforts to ascertain and implement the requirements of the FLSA.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 259 (2012), because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, legal opinions and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### Fourth Affirmative Defense

In the event of a judgment adverse to Defendants, Plaintiff's damages are limited to the extent Plaintiff is not entitled to recover both liquidated damages and pre-judgment interest in an action arising under the FLSA.

### Fifth Affirmative Defense

To the extent that Plaintiff seeks compensation in connection with any bona fide meal period thirty (30) minutes in duration or longer, or rest period twenty (20) minutes in duration or longer, such time is not compensable in accordance with 29 C.F.R. § 785.19.

### Sixth Affirmative Defense

Defendants assert that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimis* and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47, and are therefore not recoverable.

### Seventh Affirmative Defense

If Plaintiff proves that Defendants acted in violation of the FLSA, which is denied, such action was not willful or reckless, but rather was in good faith, and not based upon a reasonable belief that such action was not a violation of the FLSA, and thus, a three (3) year statute of limitations is not warranted.

### Eighth Affirmative Defense

Plaintiff's Complaint fails to state any allegations that support any collective or class treatment in this action, as she was not similarly situated to any other employees of Defendants.

### Ninth Affirmative Defense

Defendants assert that any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA. Defendants further assert that any claims for compensation by Plaintiff must be offset by premium compensation, bonuses, paid time off, or other job-related benefits paid or provided to Plaintiff.

### Reservation of Rights

Defendants reserve the right to raise any additional affirmative defenses as discovery may reveal.

Defendants reserve the right to supplement and/or amend this Answer and Affirmative Defenses in accordance with the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, Matrix Home Care, LLC and Pernille Ostberg, respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, award Defendants their costs and attorneys' fees incurred in this action, and award any such other relief that this Court deems just and proper.

Dated: July 20, 2017

Respectfully submitted,

By: */s/ Christopher S. Duke*
Christopher S. Duke
Fla. Bar No. 0901740
chris.duke@akerman.com
AKERMAN LLP
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL 33401
Telephone:   (561) 653-5000
Facsimile:   (561) 659-6313

*Attorneys for Defendants Matrix Home Care, LLC and Pernille Ostberg*

42144410;3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2017, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF. I also certify that the foregoing document is being served this day on J.H. Zidell, Esq., J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, FL 33141, Tel: (305) 865-6766, Fax; (305) 865-7167, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/Christopher S. Duke*
CHRISTOPHER S. DUKE
Fla. Bar No. 0901740